MARK E. FERRARIO, ESQ.
Nevada Bar No. 1625
JACOB BUNDICK, ESQ.
Nevada Bar No. 9772
Landon Lerner, ESQ.
Nevada Bar No. 13368
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada  89169
Telephone:  (702) 792-3773
Facsimile:    (702) 792-9002
Emails:  ferrariom@gtlaw.com
             bundickj@gtlaw.com

*Counsel for Defendants Hakkasan Limited
and Angel Management Group*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHELLE McKENNA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HAKKASAN LIMITED, a foreign corporation; ANGEL MANAGEMENT GROUP, a Nevada corporation; DOES I through X inclusive; and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | CIVIL NO. 2:14-cv-01222-GMN-GWF<br><br>[PROPOSED] **QUALIFIED PROTECTIVE ORDER PURSUANT TO C.F.R. §164.512** |

WHEREAS, Defendants are seeking the production of Plaintiff's medical records which contain information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA");

WHEREAS, Plaintiff has put her medical history in issue such that discovery of her medical records is necessary for Defendants to prepare their defense of the above-captioned action;

WHEREAS, in order to prevent any misuse or unnecessary disclosure of Plaintiff's medical records; and

WHEREAS, 45 C.F.R. § 164.512 expressly allows for the disclosure of a patient's health information in the course of any judicial proceeding either in response to (1) a discovery request where the parties have agreed upon a protective order and have presented it to the Court or (2) a court order;

NOW, THEREFORE, IT IS HEREBY ORDERED that the following procedures designed to ensure the protection of Plaintiff's medical records shall govern all proceedings in the above-captioned action:

1. The "Action" shall mean the above-captioned case, *Mc.Kenna v. Hakkasan Limited and Angel Management Group*, Case No. 2:15-cv-00567-KJD-CWH in the United States District Court, District of Nevada.

2. "Documents" or "Information" shall mean and include any documents (whether in hard copy or electronic form), records, correspondence, analyses, assessments, statements (financial or otherwise), responses to discovery, tangible articles or things, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery or other means, in connection with this Action. A draft or non-identical copy is a separate document within the meaning of these terms.

3. "Party" (or "Parties") shall mean one party (or all parties) in this Action, and their in-house and outside counsel. Any "Party" that is a corporate or limited liability entity shall only include upper level management officers and personnel that are supporting witnesses to the Party in this Action.

*LV 420547780v1*

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

4. "Producing Party" shall mean any person or entity who provides, serves, discloses, files, or produces any Documents or Information, including third parties.

5. "Receiving Party" shall mean any person or entity who receives any such Documents or Information.

6. In conjunction with the discovery proceedings in this Action, a Producing Party may designate any Document, thing, material, testimony, or other Information derived therefrom as "Confidential" under the terms of this Qualified Protective Order (hereinafter "Order"). Anything designated as Confidential shall not be provided or made available to third parties except as permitted by, and in accordance with, the provisions of this Order. Confidential Information is Information that has not been made public and contains trade secret, proprietary and/or sensitive business or personal information, including personal medical Information.

7. Confidential Documents shall be so designated by marking or stamping each page of the Document produced by or received from a Producing Party with the legend "Confidential" or by including the word "Confidential" in the name of a natively produced Document and by including a field for any Confidential designations in the corresponding load-file.

8. Testimony taken at a deposition may be designated as Confidential by any Party making a statement to that effect on the record at the deposition or within ten (10) business days of receipt of the transcript. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript and deposition exhibits containing Information designated as Confidential, and to label such portions appropriately. Counsel for the Parties may also designate an entire deposition transcript as Confidential at the time of the deposition or within ten (10) business days of receipt of the transcript. All testimony taken from the time of the deposition until the transcript is issued by the Court reporter shall be presumed Confidential during this interim period, with such confidentiality designation to expire if no Party designates the testimony Confidential within the 10 business days as required by this Paragraph.

9. Confidential Information shall be maintained in strict confidence by the Parties who receive such information, shall be used solely for the purposes of this Action, and shall not be disclosed to any person except:

   a. The United States District Court, District of Nevada, or any other court to which this matter may be transferred (the "Court"), and persons assisting the Court or assisting in the litigation process (including, but not limited to, Court personnel, court reporters, stenographic reporters, videographers, and electronic filing personnel);

   b. In the event of an appeal, the United States Court of Appeals (the "Appellate Court") and/or the United States Supreme Court (the "Supreme Court") and persons assisting the Appellate Court, or the Supreme Court or assisting in the litigation process (including, but not limited to, Appellate and Supreme Court personnel, court reporters, stenographic reporters, videographers, and electronic filing personnel).

   c. The attorneys of record in this Action and their co-shareholders, co-directors, partners, employees, and associates who are assisting in the Action (collectively hereafter referred to as "Outside Counsel");

   d. A Party, or an officer, director, or employee of a Party or of a Party's affiliate, as long as any such person agrees to be bound by the terms and conditions of this Order;

   e. Subject to the terms of this Order, experts or consultants and their staff, and litigation support personnel and their staff, retained by the Parties and/or Outside Counsel in this Litigation for the purposes of this Litigation;

   f. Support vendors or contractors retained by the Parties and/or Outside Counsel for functions directly related to this Action, such as copying, document management, and graphic design; and

   g. Any other person, provided written notice is given to the other Party of an intent to disclose specified Confidential Information to said person, who shall be identified by name, address, phone number, and relationship, if any, to the Receiving Party, and no written objection is provided to the disclosure within ten (10) business days of

delivery of the notification. In the event of an objection, the Party seeking to prevent disclosure shall have the right to move the Court for a protective order, and no disclosure shall be made pending the resolution of such motion for protective order. Before any person may receive Documents or Information pursuant to this subparagraph, he or she must comply with the requirements of this Order.

    h. If a witness is providing or has provided Confidential Information during a deposition, counsel for the Producing Party may request that all persons other than the witness and persons entitled by this Order to have access to the Confidential Information leave the deposition room during that portion of the deposition. Failure of any person to comply with such a request will constitute sufficient justification for the witness to refuse to answer the question, or for the Producing Party to demand that Confidential Information not be provided to the witness, pending resolution of the issue.

10. All designations of Information as Confidential must be made in good faith.

11. A Party may object to the designation of particular Information as Confidential by giving written notice to the Party designating the disputed Information. The written notice shall identify the Information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the Information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed Information should be subject to the terms of this Order. If such a motion is filed within ten (10) business days after the date the parties fail to resolve the objection, the disputed Information shall be treated as Confidential under the terms of this Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed Information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Order. In connection with a motion filed under this provision, the Party designating the Information as Confidential shall bear the burden of establishing that good cause exists for the disputed Information to be treated as Confidential.

1  12. While protected by this Order, any Information designated Confidential shall be held in strict confidence by each person to whom it is disclosed; shall be used solely for the purposes of this Action; and shall not be used for any other purpose, including, without limitation, any business or competitive purpose or use in any other lawsuit. Documents and Information previously produced by the parties may be designated "Confidential" within 30 days after the date of this Order.

13. With respect to outside experts or other persons, to become an authorized expert or other person entitled to access to Confidential Information, the expert or other person must be provided with a copy of this Order and must sign a certification acknowledging that he/she has carefully and completely read, understands, and agrees to be bound by this Order. The Party on whose behalf such a Certification is signed shall retain the original Certification.

14. Notwithstanding any other provision herein, nothing shall prevent a Party from revealing Confidential Information to a person who created or previously received (as an addressee or by way of copy) such Information.

15. The inadvertent production of any Information without it being properly marked or otherwise designated shall not be deemed to waive any claim of confidentiality with respect to such Information. If a Producing Party, through inadvertence, produces any Confidential Information without marking or designating it as such in accordance with the provisions of this Order, the Producing Party may, promptly on discovery, furnish a substitute copy properly marked along with written notice to all Parties (or written notice alone as to non-documentary Information) that such Information is deemed Confidential and should be treated as such in accordance with the provisions of this Order. Each Receiving Party must treat such Information as Confidential in accordance with the notice from the date such notice is received. Disclosure of such Confidential Information prior to the receipt of such notice shall not be deemed a violation of this Order. A Receiving Party who has disclosed such Confidential Information prior to the receipt of such notice shall take steps to cure such

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

1  disclosure by requesting return of the original document and substituting it with the properly
2  marked one.

3    16.  A copy of this Order shall be shown to each attorney acting as counsel for a
4  Party and to each person to whom Confidential Information will be disclosed.

5    17.  Nothing in this Order shall be construed as an admission or agreement that any
6  specific Information is or is not confidential, subject to discovery, relevant, or admissible in
7  evidence in this Action or any other proceeding.

8    18.  If Confidential Information is contained in any brief or other paper to be filed in
9  the public record of the Court by a Party, the Confidential Information will be redacted from
10 such brief or other paper and shall be appropriately marked and filed under seal.  A motion to
11 file under seal shall be made in compliance with applicable Court Rules.  If such leave is not
12 timely obtained, then the Parties shall confer in good faith to determine how such Information
13 otherwise may be provided to the Court.  If the Court ultimately refuses to allow such
14 Information to be filed under seal, then it may be filed not under seal. The foregoing shall not
15 apply to Confidential Information submitted to the Court in the parties' Confidential
16 Settlement Statements, if applicable.

17   19.  This Order shall not be construed to prevent any Party from making use of or
18 disclosing Information that was lawfully obtained by a Party independent of discovery in this
19 Action, whether or not such material is also obtained through discovery in this Action, or from
20 using or disclosing its own Confidential Information as it deems appropriate.

21   20.  If either Party becomes required by law, regulation, or order of a court or
22 governmental entity to disclose any Confidential Information that has been produced to it
23 under the terms of this Order, such Party will reasonably notify the other Parties, in writing,
24 so that the Parties have an opportunity to prevent or restrict such disclosure.  The Party
25 required to disclose any Confidential Information shall use commercially reasonable efforts to
26 maintain the confidentiality of such Confidential Information and shall cooperate with the
27 other Parties to obtain a protective order or other protection limiting disclosure; however, the
28 Party required to disclose the Information shall not be required to seek a protective order or

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

LV 420547780v1

1 other protection against disclosure in lieu of, or in the absence of, efforts by the other Parties seeking to prevent disclosure to do so.

21. Upon termination of this Action, any Party and its counsel that obtained Confidential Information through discovery shall, certify as to its destruction. Counsel may retain Confidential Information solely for archival purposes or as otherwise required by law. The restrictions of this Order shall apply to Counsel for as long as they hold such archival Documents.

22. The obligation to treat all Information designated as Confidential in accordance with the terms of this Order and not to disclose such Confidential Information shall survive any settlement or other termination of this Action.

23. The inadvertent production of any Information during discovery in this Action shall be without prejudice to any claim that such Information is subject to the attorney-client privilege or is protected from discovery as attorney work product. No Party shall be held to have waived any rights by such inadvertent production. Upon notification of inadvertent production, the Receiving Party shall not use or divulge the contents of such Information unless subsequently agreed to by the Parties or permitted by the Court. Any such inadvertently produced Information shall be returned by the Receiving Party within three business days of any written request therefore. The Receiving Party retains the right to challenge the Information as not privileged or otherwise protected and discoverable.

24. This Order may be modified by the Court at any time, by stipulation, or for good cause.

**IT IS SO ORDERED.**

DATED this 10th day of November, 2015.

_____
**GEORGE FOLEY, JR.**
**United States Magistrate Judge**